IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE 1, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 25-300 |
| ) | |
| U.S. OFFICE OF THE DIRECTOR OF ) | |
| NATIONAL INTELLIGENCE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO PROCEED PSUEDONYMOUSLY**

**BACKGROUND**

1. Plaintiffs are nonpartisan civil servants—career U.S. intelligence officers temporarily assigned by Defendants the Office of the Director of National Intelligence ("ODNI") and the Central Intelligence Agency ("CIA") to personnel management functions involving diversity, equity, inclusion and accessibility matters.

2. On January 20, 2025 Donald Trump was inaugurated the forty-seventh president of the United States. That same day, the President issued Executive Order ("E.O.") 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, describing existing such programs as "illegal and immoral."

3. On January 21, 2025 the White House issued a statement, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*. The statements describes DEIA programs as "dangerous, demeaning, and immoral," "illegal," violative of civil-rights laws, undermining of "national unity, as they deny, discredit, and undermine the traditional American values … in favor of an unlawful, corrosive, and pernicious identity-based spoils system,"

1

stigmatizing and demeaning of hardworking Americans, and resulting in tragic and "disastrous consequences" on the basis of "pernicious discrimination."

4.  On January 22, 2025 Defendants CIA or ODNI placed Plaintiffs upon administrative leave, apparently only because of their temporary assignments to personnel functions involving DEIA. On February 14, 2025 Plaintiffs received telephone calls from human resources officers ordering them to report to the visitors' centers of CIA Headquarters or ODNI with their access badges as early as 8:00am on Tuesday, February 18.

5.  Plaintiffs complain and seek a temporary restraining order pursuant to the Administrative Procedure Act and the First and Fifth Amendments of the United States Constitution. Plaintiffs also seek to proceed pseudonymously.

## LEGAL STANDARD

6.  In this jurisdiction, courts examine five factors to determine if a party should be allowed to proceed pseudonymously: (1) whether the party is requesting anonymity merely to avoid the criticism that may attend litigation, or to preserve privacy in a highly sensitive matter; (2) whether identification of the requesting party poses a risk of retaliatory physical or mental harm to them or innocent nonparties; (3) the age of the party whose privacy interests are sought to be protected; (4) whether the action is against a governmental party; and (5) the risk of unfairness to the opposing party. *See Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024); *see also Doe v. Rector and Visitors of George Mason Univ.*, 179 F.Supp.3d 583, 592-93 (E.D.Va. 2016) (both upholding the respondent/plaintiff's right to proceed pseudonymously).

7.  It is counsel's recent experience that federal courts general let serving CIA officers proceed pseudonymously. *See, e.g., Doe V. Burns*, 1:23-cv-02937 (D.D.C.) (Kollar-Kotelly, J.)

# ARGUMENT

8.      Taking the five factors set forth in *Doe v. Sidar* and *Doe v. George Mason* seriatim:

(1)     Plaintiffs request anonymity to preserve their privacy regarding the highly sensitive matter that they serve as officers within the United States Intelligence Community ("USIC"). Plaintiffs may not publicly declare themselves to be current USIC officers without permission from their agencies, which was not obtainable from those agencies over the holiday weekend in which their application for a temporary restraining order was drafted.

(2)     Plaintiffs' identification as current USIC officers poses a risk of retaliatory *physical* harm to them and to innocent nonparties—specifically, their families and neighbors.  Per recent reporting, mysterious health ailments colloquially termed as "Havana Syndrome" impacting USIC officers "may have been caused by a 'novel weapon' wielded by a foreign actor."[1]

Plaintiffs are further publicly described by the President of the United States as having engaged in illegal, immoral, dangerous, and demeaning activity; undermining national unity; denying, discrediting and undermining American values; favoring a corrosive and pernicious identity-based spoils system; stigmatizing and demeaning hardworking Americans; and causing tragedy and disaster on the basis of pernicious discrimination.  As such, they face the potential of unlawful relation from the President's political supporters.

(3)     Plaintiffs are adults.

(4)     Plaintiffs' action is against government parties who are aware of their identities.

(5)     As Plaintiffs' action is against government parties aware of their identities, the risk of unfairness to Defendants is nonexistent.

---

[1] K. Bo Lillis and A. Marquart, *New intelligence suggests 'Havana Syndrome' possibly caused by foreign weapon*, CNN (Jan. 10, 2025) (available at https://www.cnn.com/2025/01/10/politics/new-evidence-havana-syndrome/index.html).

## CONCLUSION

9.     Four of the five factors set forth by the Court of Appeals and this Court regarding whether to allow Plaintiffs to proceed pseudonymously are in Plaintiffs' favor.  Plaintiffs would face discipline by the USIC if they did not submit their complaint and motions pseudonymously, and they and their families and neighbors might even face physical harm as well.  They ought to be allowed to proceed under pseudonym.

Dated:  February 17, 2025            Respectfully submitted,

/s/ Kevin T. Carroll
Kevin T. Carroll, VSB No. 95292
**Fluet**
1751 Pinnacle Dr., Ste. 1000
Tysons, VA 22102
T: (703) 590-1234
F: (703) 590-0366
kcarroll@fluet.law
e-file@fluet.law

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, a copy of the foregoing was mailed first class mail, postage prepaid, to:

U.S. Office of the Director of National Intelligence
Office of General Counsel
1500 Tysons McLean Dr.
McLean, VA 22102

Central Intelligence Agency
Office of General Counsel
Washington, DC 20505

Tulsi Gabbard
Director of National Intelligence
1500 Tysons McLean Dr.
McLean, VA 22102

John Ratcliffe
Director of Central Intelligence Agency
Litigation Division
Office of General Counsel
Central Intelligence Agency
Washington, DC 20505

                                          */s/ Kevin T. Carroll*
                                          Kevin T. Carroll, Esq.