# EXHIBIT A

(U//AIUO) Disseminating or sharing any part of this document outside CIA must comply with AR 10-16.

AR 4-16 (U) Termination of Employment (Formerly AR 13-8)

DS - Agency Regulation Series 4 (Conduct, Accountability, Discipline) Published on 11 December 2006

Revision Summary

(U//AIUO) AR 4-16 *Termination of Employment* is being administratively revised to reflect the title change from Associate Deputy Director of the Central Intelligence Agency (ADD/CIA) to Chief Operating Officer of the CIA (COO), effective 01 June 2017. The titles of Chief, Security Center (C/SC) and Deputy Chief, Security Center (DC/SC) were updated to the current titles of Director, Office of Security (D/OS) and Deputy Director, Office of Security (DD/OS).

Regulation Summary

(U) This regulation sets forth circumstances under which Agency employment may be terminated and provides for the manner in which such employment terminations may be effected.

I.        (U) Authorities

(U) All employment terminations, other than by mandatory or involuntary retirement under the Central Intelligence Agency Retirement Act of 1964 for Certain Employees, as amended (50 U.S.C. Sec. 2001 *et seq.*), shall be pursuant to the Director of the Central Intelligence Agency's (D/CIA's) statutory authority, including section 104(g) of the National Security Act of 1947, as amended (50 U.S.C. Sec. 403-4(g), which states that:

> (U) "Notwithstanding the provisions of any other law, the Director of the Central Intelligence Agency may, in the Director's discretion, terminate the employment of any officer or employee of the Central Intelligence Agency whenever the Director shall deem such termination necessary or advisable in the interests of the United States. Any such termination shall not affect the right of the officer or employee terminated to seek or accept employment in any other department or agency of the Government if declared eligible for such employment by the Office of Personnel Management."

(U) By the terms of this statute, to terminate the employment of an Agency officer or employee, the Director of the Central Intelligence Agency (D/CIA) need only deem employment termination necessary or advisable in the interests of the United States. It is not required that an employment termination under this statute be in the interests of the national security, but only that the D/CIA, in his discretion, must deem such termination to be in the interests of the United States. Notwithstanding any provisions of this regulation or any other regulation, document, or law, the D/CIA need not provide to anyone the reasons for such termination if he decides not to do so. Any decision not to provide the reasons for employment termination is entirely discretionary, and a national security basis for such a decision is not required. However, under the terms of this statute, the decision of the D/CIA to terminate the employment of an Agency employee, regardless of the reasons for such termination, does not foreclose the employee from

other employment with the Federal Government. Employment may be terminated by the D/CIA or by an official of the Agency to whom the D/CIA delegates appropriate authority. No redelegations of this authority shall be made by officials to whom this authority has been delegated except to Agency personnel lawfully designated to act in the capacity of such officials in their absence. Any reference in this regulation to the D/CIA shall be deemed to include Agency officials to whom appropriate authority has been delegated.

II.     (U) Policy

## A.     Tenure

Agency employees do not have tenure and their employment may be terminated pursuant to the terms of the National Security Act of 1947, as amended, without regard to the procedural requirements of this regulation or any other provisions of law. Except as provided by this regulation and AR 13-5, the termination of an Agency employee is not subject to appeal under the provisions of any regulation, document, or law. Notice is hereby given that nothing in this regulation or in any other regulation, document, or law shall be construed as creating for any employee any property or other interests or privileges in his or her employment.

## B.     Circumstances for Termination of Employment

### 1.     Termination for Failure to Complete Trial Period Satisfactorily

Any employee determined to be unsuitable for Agency employment during the trial period may be terminated from the Agency. (See AR 4-15 (formerly AR 20-24))

### 2.     Termination Prior to Expiration of Contract

For contract employees, the term clause of the contract relating to termination of employment prior to the expiration of the contract will govern termination. However, nothing in the contract shall be construed to prevent the Director, Office of Security (D/OS) or designee from suspending or revoking a contract employee's access to classified information at any time.

### 3.     Termination for Failure to Meet the Work and Efficiency Requirements of the Agency

Any employee who fails to meet Career Service work and efficiency requirements or to perform assigned duties adequately may be terminated from the Career Service and the Agency.

## 4.    Termination for Failure to Meet Security Standards

Any employee who fails to meet the Agency's security standards may be terminated from the Agency. Any determination that an employee fails to meet security standards may be appealed only pursuant to the provisions of AR 7-7 (formerly AR 10-16).

## 5.    Termination for Failure to Meet Medical Standards

Any employee who fails to meet the Agency's medical standards may be terminated from the Agency.

## 6.    Termination for Failure to Meet Agency Standards of Conduct

The Agency standards of employee conduct are set forth in AR 4-1, Standards of Conduct (formerly AR 13-1); AR 13-1, Conflict of Interest, Lack of Impartiality, and so forth (formerly AR 13-2). An employee may have his or her employment terminated for failure to meet these standards.

## 7.    Termination for Abandonment of Position

Any employee who fails to report for scheduled duty for more than ten consecutive workdays without being on approved leave may be terminated from employment for abandonment of position.

## 8.    Termination upon Determination of Legal Incompetence

An employee who is declared by a court of competent jurisdiction to be mentally incompetent may be terminated from employment.

## 9.    Termination of Excess Personnel

An employee who is found to be excess to the needs of the Agency may be terminated from employment. An employee may be determined to be excess to the needs of the Agency if his or her Career Service has declared the employee excess and a job search within the Agency is unsuccessful or is not requested by the employee. The grounds for declaring an employee excess to Career Service needs are:

   *a.*    The Career Service is over strength overall or in a particular grade or functional element.

*b.*   There is no longer a requirement in the Career Service for the particular skills or qualifications possessed by the employee.

*c.*   There is a reduction or elimination of the functions of the Career Service, thereby requiring a reduction in staff.

## 10. Termination Prior to Not-to-Exceed Date of Reserve Appointment

A Reserve Employee may be terminated from employment prior to the not-to-exceed date of his or her appointment if the employee's services are no longer needed, the employee's performance has been inadequate, the employee is not suitable for continued Agency employment, the employee's security clearance has been revoked, or termination of employment otherwise is deemed to be necessary or advisable in the interests of the United States.

## 11. Termination in Other Circumstances

In addition to the circumstances specified in paragraphs 1 through 10 above, an employee may have his or her employment be terminated whenever the D/CIA, in his discretion, deems such termination necessary or advisable in the interests of the United States.

## C. Procedures for Termination of Employment

Except as noted in paragraphs C.1. to C.6. and paragraph D. below, terminations pursuant to this regulation shall be carried out in accordance with the procedures set forth in AR 4-2 (formerly AR 13-3) and AR 4-6 (formerly AR 13-5). Notwithstanding any other provision of this regulation, all termination recommendations shall be routed through the Office of General Counsel (OGC).

### 1. Procedures for Termination Prior to Expiration of Contract

For contract employees, the term clause of the contract relating to termination of employment prior to the expiration of the contract will govern termination. Directors or Heads of Independent Offices who exercise operational control over contract employees may terminate a contract. However, nothing in the contract shall be construed to prevent the D/OS or designee from suspending or revoking a contract employee's access to classified information at any time. The PEB ordinarily will not be convened for separation of contract employees.

### 2. Procedures for Termination for Abandonment of Position

If an employee fails to report for duty or to return from leave, an effort will be made to determine the employee's intentions. If the employee's intentions cannot be determined within 10 business days or if it appears that the employee intentionally abandoned his or her position, Chief, Human Resources may terminate the employee from the Agency for abandonment of position. The termination will be effective at close of business on the last day of active duty or of approved leave, whichever is later. The PEB ordinarily will not be convened for separation of employees who have abandoned their positions. Unless security considerations dictate otherwise, the Special Activities Staff, Security Center (SAS/SC) will mail notice of termination to the employee's last known address. If security conditions preclude notice by mail, other reasonable efforts to notify the employee will be undertaken. If subsequent evidence indicates that the abandonment was not the employee's fault, the employee will be reinstated by Chief, Human Resources and paid appropriately as if the termination had not occurred.

## 3. Procedures for Termination for Legal Incompetence

Upon a judgment by a court of competent jurisdiction that an employee is legally incompetent, Chief, Human Resources may terminate the employee from the Agency unless the employee is determined to be eligible for disability retirement. When a decision is made to terminate employment due to legal incompetence, SAS will notify the employee's legal guardian in writing about the action to be taken. The PEB ordinarily will not be convened for separation of employees who have been declared legally incompetent.

## 4. Procedure for Termination of Excess Personnel

*a.* In considering whether an employee is excess to the needs of a Career Service, the Head of the Employee's Career Service will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth. In any case involving an employee with a disability who is unable to perform essential job functions with or without reasonable accommodation, the decision to declare the employee excess to the needs of the service must be in accordance with the provisions of AR 3-25 (formerly AR 9-4).

*b.* If the head of a component determines that an employee is excess to the needs of the component, both the Head of the Career Service and the employee will be advised in writing. If the employee wishes, the Career Service will make an effort to arrange placement in another component within that Career Service. If such efforts fail, the Career Service will declare the employee excess to the

    needs of the Career Service and will notify the employee, Chief, Human Resources, and D/OS, via SAS.

 *c.* A representative from SAS will then meet with the employee and determine if the employee wishes placement elsewhere in the Agency at the same or different grade. If the employee wishes placement elsewhere in the Agency, SAS will broker an Agency-wide placement effort. If the employee does not wish placement elsewhere in the Agency or if placement efforts are unsuccessful after a sufficient interval of time, SAS shall so notify Chief, Human Resources in writing. Chief, Human Resources shall then forward a recommendation to separate the employee to the Chief Operating Officer (COO) for decision. The PEB ordinarily will not be convened for separation of employees who have been determined to be excess to the needs of the service.

## 5. Procedures for Termination of Employment of DNI/OSC Alien Employees

  The D/DNI/OSC has developed procedures for the termination of DNI/OSC alien employees. These are the only procedures for termination of DNI/OSC alien employees and any change in these procedures must be reviewed by OGC prior to adoption of the changes. These standard procedures shall not affect the discretionary authority delegated to the D/DNI/OSC by Section III. below to terminate the employment of DNI/OSC alien employees without procedures.

## 6. Procedures for Termination of Reserve Employment Prior to Not-to-Exceed Date of Reserve Employment

  The employment of a Reserve Employee may be terminated by Chief, Human Resources at any time prior to the not-to-exceed date of the employee's appointment if Chief, Human Resources determines that the employee's services are no longer needed, the employee's performance has been inadequate, the employee is unsuitable for continued Agency employment, the employee's security clearance has been revoked, or Chief, Human Resources determines termination is otherwise deemed necessary or advisable in the interests of the United States. Before making such a determination, Chief, Human Resources shall follow the procedures set forth in AR 4-2 (formerly AR 13-3) and AR 4-6 (formerly AR 13-5) except that the decision of Chief, Human Resources is final and not appealable by the employee.

## D. Termination Without Procedures

  Pursuant to statutory authority, any employee may be terminated from the Agency at any time

without regard to any procedural steps set forth in this regulation or elsewhere when the D/CIA, in his discretion, deems it necessary or advisable in the interests of the United States. The decision by the D/CIA to exercise this authority is entirely discretionary. The D/CIA need not provide to anyone the reasons for exercising this authority, and a national security basis for the exercise of this authority is not required. The existence or the exercise of this discretionary authority by the D/CIA is:

1. Not constricted, limited, affected, or otherwise controlled by any of the procedures set forth in this regulation or any other regulation, document, or law.

2. In abrogation of the existence of any interests or privileges of any employee in his or her employment which might otherwise be created or established by this regulation or any other regulation, document, or law.

## E. Appeal of Termination Decision

1. Contract employees, reserve employees, and DNI/OSC alien employees have no right of appeal.

2. When employment is being terminated because of revocation of access to classified information, the procedures for all employees to appeal the revocation decision shall be those set forth in AR 7-7 (formerly AR 10-16).

3. In all other cases, the termination decision may be appealed to the COO. SAS shall advise the employee that he/she has ten calendar days from the date of receipt of the notification of the termination decision to submit written comments to SAS. In cases where the employee requests access to Agency regulations or other relevant materials, the employee shall have ten calendar days from receipt of the requested materials or notice that the materials will not be provided to submit written comments to SAS. SAS shall make the employee's written comments available to the COO and notify the employee in writing of the COO's decision. In cases where the COO is the terminating authority, for example in cases where an employee is declared excess to the needs of the service, the employee may appeal directly to the D/CIA.

4. Employees may appeal to the D/CIA in cases where the COO denies the initial appeal or where the COO serves as the terminating authority. The employee shall have ten calendar days from receipt of the COO's decision to submit written comments through SAS to the D/CIA. The employee must prepare any classified written comments to the COO or to the D/CIA at a secure facility designated by D/OS or designee. Upon receipt of an appeal, the D/CIA will decide, in his discretion, whether to terminate the individual's Agency employment pursuant to the D/CIA's statutory authority to do so. SAS

shall notify the employee in writing of the D/CIA's decision.

## F. No Additional Rights Conferred

Nothing in this or any other Agency regulation or policy statement should be construed to create or confer on any person or entity any right to administrative or judicial review of Agency employment termination procedures, their implementation, or decisions or actions rendered thereunder. Neither this nor any other Agency regulation or policy statement creates or confers any right, benefit, or privilege, whether substantive or procedural, for continued Agency employment. Finally, neither this nor any other Agency regulation or policy statement creates or confers any substantive or procedural right, benefit, or privilege enforceable by any party against the Agency, any Agency instrumentality, or any Agency officer or employee, or any other person acting for or on behalf of the Agency.

## G. Opportunity to Resign: Resignation in Lieu of Termination

  1. An employee may proffer a resignation at any time before the meeting of an advisory board, as described in AR 4-2 (formerly AR 13-3), or if no advisory board meets, at any time before the decision of an appropriate official to separate the employee. In such circumstances, the separation will be recorded as a voluntary resignation unless the D/CIA, DD/CIA, COO, D/OS, Chief, Human Resources or, for DNI/OSC alien employees, D/DNI/OSC declines to accept the resignation. If a decision is made not to accept a resignation, the D/CIA, DD/CIA, COO, D/OS, Chief, Human Resources or D/DNI/OSC, as appropriate for the category of employee, may terminate the individual's employment and the employment termination will be recorded as an involuntary separation.

  2. An employee who resigns after a decision has been made by DD/OS to revoke the employee's access to classified information or a decision has been made by Chief, Human Resources, with concurrence by the Head of the employee's Career Service, to separate the employee for non-security reasons will be considered to have resigned in lieu of termination and the separation will be recorded as resignation in lieu of termination. An employee who resigns in such circumstances shall be ineligible for separation compensation under AR 5-16 (formerly AR 20-32). However, a resignation tendered and accepted as outlined above shall be deemed to constitute an involuntary separation solely for purposes of determining whether the individual is eligible for a discontinued service retirement annuity under the Civil Service Retirement System or the Federal Employees Retirement System.

  3. Once a final decision is made to involuntarily separate the employee, it will be recorded as an involuntary separation.

4. The status of the employee's separation, that is, voluntary separation, resignation in lieu of termination, or involuntary separation will be described to state unemployment compensation authorities and/or private sector employers who properly inquire.

5. An employee who submits a resignation before final COO, DD/CIA, or D/CIA review of an appeal will be notified prior to formal acceptance of the resignation that acceptance of the resignation will terminate further processing of the appeal.

6. If, after a termination recommendation has been made, an employee submits a resignation effective at a future date, D/OS or designee will consult with appropriate officials and determine whether the interests of the U.S. require continuation of procedures to effect an earlier termination.

7. D/OS, in his or her discretion and in accordance with applicable law, may waive any of the provisions of paragraphs 1 through 6 above if D/OS determines such a waiver or waivers would be beneficial to the interests of the Agency.

## H. Disclosure or Dissemination of Reasons for Termination or Resignation of Employment

1. Generally, the reasons for the termination or resignation of Agency employment shall not be disseminated outside the Agency to any private organization or Federal or other governmental body without the consent of the employee. Absent such consent, and subject to the exceptions noted below, responses to requests for information as to why an individual's employment was terminated shall be limited to a statement that the employment was terminated pursuant to statutory authority. Nothing in this section (section H) shall limit the dissemination of:

    a. Intelligence or counterintelligence information;

    b. Information relevant to lawful personnel, physical, or communications security investigation or proceeding or a hiring, licensing, or similar decision by another Federal agency;

    c. Information pursuant to a prior written acknowledgment of the employee that the information may be disclosed to other Federal, state, or local government agencies for investigative, administrative, or legal action;

    d. Information concerning possible violation of Federal criminal law, as required by section l.7(a) of Executive Order 12333 and/or 28 U.S.C. Sec. 535; and/or

    e. Information necessary to protect an individual's life or physical safety or the

        public health or safety.

**2.**     The D/CIA, DD/CIA, COO, D/OS, or DD/OS in each official's discretion, may waive the provisions of this section (section H) and authorize a disclosure that otherwise would not be permitted under this regulation, provided that the disclosure is permissible under the Privacy Act of 1974, as amended (5 U.S.C. 552a), the Agency's Privacy Act regulations, and Executive Order 12333 and the implementing procedures for that order.

**3.**     This regulation does not require the D/CIA to disclose the reasons for termination of employment if, in the exercise of his discretion under law, he decides not to do so.

**III.**     (U) Responsibilities

The termination authority of the D/CIA is delegated to:

**A.**     The Deputy Director of the Central Intelligence Agency (DD/CIA) upon the recommendation of an advisory board.

**B.**     The Chief, Human Resources with respect to any employee who is:

    **1.**     Recommended by the Personnel Evaluation Board (PEB) for termination for suitability reasons such as misconduct or substandard performance. (see AR 14-6 (formerly AR 13-5));

    **2.**     Found to have abandoned his or her position;

    **3.**     Judged to be legally incompetent; or,

    **4.**     Serving under a Reserve Employee appointment [see AR 3-2 (formerly AR 20-2)].

**C.**     The Director of National Intelligence, Open Source Center (DNI/OSC) with respect to DNI/OSC alien employees.

**D.**     Directors or Heads of Independent Offices with respect to contract employees.

**E.**     The COO is delegated the authority to decide the first-level appeals of employees recommended for termination and to terminate the employment of such employees upon recommendation of an advisory board. The COO also has authority to terminate the employment of an employee who has been declared to be excess to the needs of the service.

**F.**     The COO, as Chairman of the Panel established under AR 7-7 (formerly AR 10-16) to review security decisions to revoke employees' access to classified information, is delegated authority to terminate employment of any employee whose security revocation has been upheld by the Panel.

**G.**   The Deputy Director, Office of Security (DD/OS) is delegated authority to terminate the employment of any employee who chooses not to appeal or request a review of a security revocation decision.