# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:25cv300 (AJT/LRV) |

**(U) DECLARATION OF ROBERT A. NEWTON**

(U) I, Robert A. Newton, declare as follows:

1. (U//FOUO) I currently serve as the Deputy Chief Operating Officer for the Office of the Director of National Intelligence ("ODNI"). I have held this position since 2021. As part of my current duties, I oversee all of the internal support operations for ODNI, to include ODNI Human Resource Management.

2. (U) Through the exercise of my official duties, I am familiar with the subject of this litigation. I make the following statements based on my personal knowledge and information made available to me in the course of my official duties.

3. (U) On January 20, 2025, the President issued Executive Order 14,151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*. Among other things, the Order required that each "agency . . . head, in consultation with . . . the Director of OPM," "terminate, to the maximum extent allowed by law, all DEI [and] DEIA . . . offices and positions." *See* EO 14,151 § 2(b)(i), 90 Fed. Reg. 8339.

4.  (U) The Office of Personnel Management ("OPM") subsequently issued a memorandum titled "Initial Guidance Regarding DEIA Executive Orders" further to EO 14,151, in which OPM informed agency heads that they should, by January 22, 2025, "[s]end a notification to all employees of DEIA offices that they are being placed on paid administrative leave effective immediately as the agency takes steps to close/end all DEIA initiatives, offices, and programs."

5.  (U) Subsequently, ODNI placed a number of ODNI employees on administrative leave as of January 22, 2025.

6.  (U) The Director of National Intelligence ("DNI") has been conferred "discretion" by statute to terminate the employment of any ODNI employee where the Director deems such action to be "necessary or advisable in the interests of the United States." *See* 50 U.S.C. § 3036(e) (providing this authority to the Director of the Central Intelligence Agency ("CIA")); 50 U.S.C. § 3024(m)(1) (providing the DNI with any authority as to ODNI personnel that the Director of the CIA possessed with respect to CIA personnel as of December 17, 2004). Terminations of ODNI employment are conducted pursuant to this statutory authority.

7.  (U) Where there is no ODNI regulation or instruction applicable, ODNI applies CIA regulations. Accordingly, ODNI follows a CIA regulation regarding termination of employment, which specifies various circumstances in which employment may be terminated and provides the manner in which such terminations may be carried out. I understand that a copy of this regulation is being provided to the Court with the Department of Justice's submission today.

8.  (U) Under this regulation, ODNI follows various procedures applicable to various circumstances in which employment with ODNI may be terminated. But this regulation also

UNCLASSIFIED//FOUO

establishes—in a paragraph regarding "Termination Without Procedures"—that ODNI employment may be terminated by the DNI pursuant to the above-referenced statutory authority "without regard to any procedural steps set forth in" agency regulations when the DNI determines termination of employment is necessary or advisable in the interests of the United States. This regulation also establishes, consistent with the foregoing statute, that the DNI's invocation of termination without procedures is "entirely discretionary."

9. (U) The employees previously designated for paid administrative leave, as referenced in paragraph 5, continue to be in that status. ODNI anticipates that it will pursue the separation of these individuals from the agency. To date, however, ODNI has not issued a final, documented decision regarding their anticipated separation from the agency or determined what, if any, procedures may be employed in relation to their separation, including as to any potential termination.

(U) Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

(U) Executed on February 20, 2025

_____
(U//FOUO) **Robert A. Newton**
Deputy Chief Operating Officer
Office of the Director of National Intelligence

UNCLASSIFIED//FOUO