IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE 1, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-300-AJT-LRV |
| | ) |
| U.S. OFFICE OF THE DIRECTOR OF | ) |
| NATIONAL INTELLIGENCE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed Pseudonymously (the "Motion"). (Dkt. No. 3.) Plaintiffs are career U.S. intelligence officers employed by Defendants the Office of the Director of National Intelligence and the Central Intelligence Agency. (Dkt. No. 4 ¶ 1.) Plaintiffs waived oral argument on the Motion. (*See* Dkt. No. 5.)

Federal Rule of Civil Procedure 10(a) requires that a complaint name all parties to the action. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). However, in certain "exceptional circumstances," the Court may allow a party to proceed under a pseudonym. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). "[T]he decision whether to permit use of a pseudonym must be based on 'the circumstances of particular cases.'" *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In analyzing a request to proceed pseudonymously, the Court "has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that

1

anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274. The Fourth Circuit has provided five non-exhaustive factors to consider in granting or denying such a request:

> [1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Here, the Court finds that the *James* factors weigh in favor of allowing Plaintiffs to proceed pseudonymously. With respect to the first and second factors, Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm." *Id.* Plaintiffs are U.S. intelligence officers. (Dkt. No. 4 ¶ 1.) Inherent in that role is the need to protect one's identity from disclosure. Indeed, Plaintiffs aver that they may not publicly declare themselves to be current intelligence officers without permission from their agencies. (*Id.* ¶ 8(1).) Courts have held that certain federal employees, including intelligence officers, have identities that are "sensitive and highly personal." *See Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (granting motion to proceed under pseudonym for intelligence officer for the Department of Defense); *Bird v. Barr*, No. 19-CV-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019) (granting motion to proceed under pseudonym for FBI agents due to concerns over personal safety should identities be revealed); *see also Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that the plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose of this litigation to preserve CIA operational security"). Relatedly, in light of Plaintiffs' roles as U.S. intelligence

officers, disclosing their names would pose a risk of retaliatory physical harm to them and to innocent nonparties, including their families and neighbors. (Dkt. No. 4 ¶ 8(2).) The second factor thus also favors granting the Motion. *See Austin*, 2024 WL 86 4197, at *3.

The third factor, "the ages of the persons whose privacy interests are sought to be protected," *James*, 6 F.3d at 238, does not point persuasively in favor of or against allowing pseudonyms. Plaintiffs are adults and are not proceeding on behalf of minors. *See Bird*, 2019 WL 2870234, at *5 (finding that the "ages of the persons whose privacy interests are sought to be protected [are] of limited relevance . . . because the plaintiffs are not proceeding on behalf of minor children").

With respect to the fourth factor, where, as here, an action is against government parties, including officers named in their official capacities, "proceeding under pseudonyms will have no impact on private rights." *Id.* at *6. The fourth factor also favors granting the Motion. Finally, Defendants are aware of Plaintiffs' identities. (Dkt. No. 4 ¶ 8(5).) Thus, with respect to the fifth factor, there is no risk of unfairness to Defendants. *See A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-cv-120, 2020 WL 526975 8, at *2 (E.D. Va. Mar. 20, 2020) ("Where a plaintiff's identity is known to the defendant, and the motion to proceed under pseudonym is made for the purpose of concealing the plaintiff's identity only from the public, there is little risk of unfairness to the defendant.") (internal quotations and citation omitted); *see also In re Sealed Case*, 971 F.3d 324, 326 n.1 (D.C. Cir. 2020) (explaining that the fifth factor is "not implicated" where defendant knows plaintiff's identity).

In sum, the Court finds that the *James* factors weigh in favor of granting the Motion. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Proceed Pseudonymously (Dkt. No. 3) is **GRANTED**. It is further

**ORDERED** that all parties shall use the pseudonyms listed in the Complaint in all documents filed in this action. It is further

**ORDERED** that by 5:00 p.m. on Monday, February 24, 2025, Plaintiffs shall file under seal a declaration containing their real names.

**ENTERED** this 21st day of February, 2025.

Alexandria, Virginia

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge