**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**

---

| | |
|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | :  Civil Action No.: |
| | :  25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : |
| | : |
| *Defendants*. | : |

---

**DECLARATION OF JOHN DOE #1 IN SUPPORT OF MOTION**
**FOR A PRELIMINARY INJUNCTION**

I, John Doe 1, am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for 15 years.

2.  I hold the grade of GS-15, work in the executive staff office career service, have served overseas, and received in excess of ten Extraordinary Performance Awards, Meritorious Unit Citations and ODNI (Intelligence Community (IC)) commendations over the term of my service.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States to promote diversity, equity, inclusion and accessibility ("DEIA") within the IC.

1

4.  My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.  I am unaware of any allegation against me of misconduct or poor performance.

6.  On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.  On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.  In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.  I work inside a Special Compartmented Information Facility on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

2

10. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

11. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

12. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

13. Since January 22, 2025 when I was placed on administrative leave, my career service has identified at least four currently vacant, suitable and career service-appropriate position identified for me, including the position of Executive Assistant to the Director/Talent Center.  I advised my career service that I am willing and ready to accept that position, or any of the other three positions, dependent on the mission needs of my career service.

14. I am five years short of my pension.

15. As a person over the age of forty, I am a member of a protected class.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

                                          */s/  John Doe 1*
                                          John Doe #1
                                          Officer
                                          Central Intelligence Agency

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

## DECLARATION OF JOHN DOE 2, IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

I, John Doe 2, am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency (CIA) officer for approximately nine years.

2.  I hold the grade of GS-13 step 4.

3.  I have work experience in Directorate of Analysis, the Directorate of Operations and the Directorate of Science and Technology.  I have served overseas.  I have received approximately ten Exceptional Performance wards, three Meritorious Unit Citations, received numerous commendations and been recognized as a leader in my field.  I briefed Congress on mission-critical work I was responsible for leading.  I had the honor and privilege of receiving awards from both the Trump administration (first term) and the Biden administration.

4.    Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally funded and mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility (DEIA) within the Intelligence Community (IC).

5.    My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

6.    I am unaware of any allegation against me of misconduct or poor performance.

7.    On January 22, 2025, CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

8.    I understand many of my colleagues received a phone call on February 14, 2025, from a human resources officer ordering them to report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I never received this phone call, but on the 18th, I got a call after 4pm informing me that the CIA was forcing me to choose one of three options: Deferred Resignation, Resignation or Termination. I was told I had to decide by COB the next day. I understand that a similarly situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

9.    In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

10. I work inside Special Compartmented Information facilities on a government computer and on telephone systems specially designed to handle classified information. I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified systems.

11. Upon information and believe, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability. These include officers' rights of notice, to be heard and to appeal.

12. Upon Information and belief, CIA's Agency Regulation 14-6, *Termination of Employment,* provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

13. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

14. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

15. Since January 22, 2025, when I was placed on administrative leave, my career service has identified two currently vacant, suitable and career service-appropriate positions identified for me, one by my previous Chief, who called me on January 22 and said he had a position waiting for me, including "Operational Media Specialist" in my previous office.  I also received a call

from our sister branch offering me a position as a Team lead, I am willing to accept at least one of these jobs. I only joined DIO in October of 2024, and officially served in this office for less than three months. I was offered two other positions at the same time, one as a "Communications Specialist for the Office of General Counsel" and another as a "Team Lead" in and Operational Branch from my home component. I was strongly encouraged to accept the "broadening" assignment in the DIO as this would increase my chances of getting promoted. Agency staff officers work two-year assignments and are expected to continually grow and develop their network and intelligence acumen.

16. I am twelve years short of my pension.

17. As an openly gay man over the age of fifty, I am a member of two protected classes.

18. As a citizen, I personally support enforcing the civil rights laws of the United States.


Dated: February 26, 2025


/s/
_____
John Doe #
Officer
Central Intelligence Agency

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

_____

JOHN DOES 1-6 and JANE DOES 1-13,

    *Plaintiffs*,

v.

U.S. OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;

    *Defendants*.

_____

Civil Action No.:
25-300 (AJT/LRV)

## **DECLARATION OF JOHN DOE 3 IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

    I, John Doe 3, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

    1.   I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for ten years.

    2.   I hold the grade of GS-14, work as a Technical Intelligence officer under the Directorate

of Science and Technology, and received over a dozen awards and commendations for both my

leadership and execution of operations.

    3.   Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4. My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5. I am unaware of any allegation against me of misconduct or poor performance.

6. On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7. On February 14, 2025 many of my colleagues received a telephone call from a human resources officer ordering them to report to the visitors' center of a CIA facility within the Eastern District Virginia with their Intelligence Community ("IC") access badge, as early February 18, 2025. I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8. In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9. I work inside a Special Compartmented Information facility on government computer and telephone systems specially designed to handle classified information. I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability. These include officers' rights of notice, to be heard and to appeal.

2

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

14. Early on the afternoon of January 22, 2025 before I was placed on administrative leave, my career service had identified a currently vacant, suitable, and career service-appropriate position for me, including. I am willing to accept this job.

15. I am eighteen years short of my pension.

16. I am over the age of forty and am a member of a protected class.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ John Doe 3
_____
John Doe 3
Officer
Central Intelligence Agency

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

_____

JOHN DOES 1-6 and JANE DOES 1-13,

*Plaintiffs*,

v.

U.S. OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;

*Defendants*.

_____

Civil Action No.:
25-300 (AJT/LRV)

## DECLARATION OF JOHN DOE 4 IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

I, John Doe 4, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for 15 years.

2. I hold the grade of GS-13, work in the Directorate of Support career service, have served overseas, and received nine awards and commendations.

3. Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4. My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5. I am unaware of any allegation against me of misconduct or poor performance.

6. On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7. On February 14, 2025 I received a telephone call from a human resources officer ordering me to report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, on February 18, 2025. I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8. In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9. I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information. I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability. These include officers' rights of notice, to be heard and to appeal.

2

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified a currently vacant, suitable and career service-appropriate position identified for me in the Directorate of Support. I am willing to accept this job.

15. As an Atheist over the age of forty, I am a member of two protected classes.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ John Doe 4
John Doe #4
Officer
Central Intelligence Agency

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

JOHN DOES 1-6 and JANE DOES 1-13,

*Plaintiffs,*

v.

U.S. OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;

*Defendants.*

Civil Action No.:
25-300 (AJT/LRV)

## DECLARATION OF JOHN DOE #5 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, John Doe #5, am an adult over the age of eighteen and understand the meaning of an

oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency

   ("CIA") intelligence officer for 14 years.

2. I hold the grade of GS-14, work in the Executive Staff Officer career service, have served

   temporary duty assignments overseas, and received multiple awards and commendations,

   including a National Intelligence Award for Strategic Analysis, a prestigious CIA award

   for stewardship, and multiple Meritorious Unit Citations.

3. Before January 20, 2025, CIA temporarily assigned me to carry out specific,

   congressionally-funded and -mandated duties implementing federal civil rights laws,

   fulfilling a need perceived by the 46th President of the United States of promoting

1

diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

4. My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5. I am unaware of any allegation against me of misconduct or poor performance.

6. On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7. On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025. On February 16, 2025, I received another telephone call from the human resources officer and was told that I may not bring counsel to my February 18, 2025 in-person meeting.

8. In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9. I work inside a Special Compartmented Information Facility on government computer and telephone systems specially designed to handle classified information. I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified computer systems.

2

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability. These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id.* at ¶ (b). I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id.* at ¶ (c). I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified 1 currently vacant, suitable and career service-appropriate management position for me. I am willing to accept this job.

15. As an Asian-American and gay individual, I am a member of protected classes.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ _____ #5

John Doe #5
Officer
Central Intelligence Agency

4

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

---

|  |  |
|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | :   Civil Action No.: |
| | :   25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : |
| | : |
| *Defendants*. | : |

---

## DECLARATION OF JOHN DOE 6 IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

I, John Doe 6, I am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for twenty-four years and as a military servicemember for four years.

2.  I hold the grade of GS-15, work in Directorate of Support career service, have served overseas, and received numerous awards and commendations.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.  My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.  I am unaware of any allegation against me of misconduct or poor performance.

6.  On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.  On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.  In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.  I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified at least one currently vacant, suitable and career service-appropriate position identified for me.  I am willing to accept it.

15. As an African-American and veteran over the age of forty, I am a member of three protected classes.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

                                  */s/ John Doe 6*
                                  John Doe 6
                                  Officer
                                  Central Intelligence Agency

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**

---

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

---

**DECLARATION OF JANE DOE 1 IN SUPPORT OF MOTION**
**FOR A PRELIMINARY INJUNCTION**

I, Jane Doe 1, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for 14 years and 9 months.

2. I hold the grade of GS-14, work in the executive staff office career service and received

over fifteen awards and commendations.

3. Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.  My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.  I am unaware of any allegation against me of misconduct or poor performance.

6.  On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.  On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.  In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.  I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified one currently vacant, suitable and career service-appropriate position for me.  I am willing to accept this job.

15. I am ten years short of my pension.

16. As an African-American woman over the age of forty, I am a member of three protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.


Dated: February 26, 2025

/s/.  *Jane Doe #1*
_____
Jane Doe #1
Officer
Central Intelligence Agency

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL INTELLIGENCE; and THE HON. JOHN RATCLIFFE, DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;<br><br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No.:<br>:   25-300 (AJT/LRV)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF JANE DOE 2 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 2, am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for over sixteen years.

2.  I hold the grade of GS-14 work in Human Resources career service, and have served in multiple directorates and mission centers, traveled overseas for the organization, become a subject matter expert in topics specific to the Agency, and received at least ten awards and commendations.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.   My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

8.   Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

9.   Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

2

10. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b).  I do so wish.

11. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c).  I do so wish.

12. Since January 22, 2025 when I was placed on administrative leave, my career service has identified currently vacant, suitable and career service-appropriate position(s) for me, including hard to fill positions.  I am willing to accept at least one of these jobs.

13. I am thirteen years short of my pension, and five years short of early retirement.

14. As a Jewish woman over the age of forty, working on a part-time tour due to my status as a parent (as recognized by the Agency),  I am a member of four protected classes.

15. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

*/s/ Jane Doe 2*
Jane Doe 2
Officer
Central Intelligence Agency

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

---

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

---

## DECLARATION OF JANE DOE 3 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 3, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for eleven years.

2.  I hold the grade of GS-14, work in Directorate of Digital Innovation career service, and

received multiple monetary awards and commendations, including a Meritorious Unit Citation.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.   My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   On February 14, 2025, I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I was told by my employer that I may not bring counsel to the meeting.

8.   In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.   I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified eight currently vacant, suitable and career service-appropriate position identified for me, including: data science positions, management positions, DO targeting positions, and HR analytic positions. I am willing to accept any of these jobs. I had already accepted a data science position in a mission center, and HR was actively moving me to the new position prior to being placed on Administrative Leave.

15. As woman over the age of forty, I am a member of two protected classes.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/
_____
Jane Doe #3
Officer
Central Intelligence Agency

3

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

---

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

---

**DECLARATION OF JANE DOE 4 IN SUPPORT OF MOTION
FOR A PRELIMINARY INJUNCTION**

I, Jane Doe 4, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for thirteen years.

2.  I hold the grade of GS-13. I work in the Science and Technology career service. I have s

served overseas with the Defense Intelligence Agency, the Defense Attaché Service as a Non-

Commissioned Officer through my military service, and received an honorable discharge, awards

and commendations.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.   My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.   In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.   I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified at least one currently vacant, suitable and career service-appropriate position identified for me.  I am willing to accept at least one of these jobs.

15. I am seven years short of my pension.

16. As a Black and Indigenous American female over the age of forty, I am a member of four protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.

3

18. I am also a service-related disabled armed forces veteran, which implicates further,

classified CIA regulations regarding my potential termination.

Dated: February 26, 2025

/s/ *Jane Doe 4*

Jane Doe 4
Officer
Central Intelligence Agency

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

---

JOHN DOES 1-6 and JANE DOES 1-13,

*Plaintiffs*,

v.

U.S. OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;

*Defendants*.

Civil Action No.:
25-300 (AJT/LRV)

---

## DECLARATION OF JANE DOE 5 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 5, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for seventeen years.

2.  I hold the grade of GS-14, work in the Directorate of Digital Innovation career service,

and I have a solid performance history and work ethic.  I have received numerous awards and

commendations, including one from serving on a previous CIA Director's working group.

3.  Before January 20, 2025, the CIA temporarily assigned me to carry out specific,

congressionally-funded, and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion, and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.    My duties included advancing the hiring, retention, and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990.

5.    I am unaware of any allegation against me of misconduct or poor performance.

6.    On January 22, 2025, the CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.    On February 14, 2025, I received a telephone call from a human resources officer ordering me to report to the visitors' center of a CIA facility within the Eastern District of Virginia with my Intelligence Community ("IC") access badge, as early as February 18, 2025.  I understand that a similarly situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.    In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.    I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without the CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being in excess to the service, for misconduct, for poor performance, or unsuitability.  These include officers' rights of notice, to be heard, and to appeal.

2

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be in excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the Officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

14. Since January 22, 2025, when I was placed on administrative leave, my career service has identified several currently vacant, suitable, and career service-appropriate positions for me, and I am willing to accept at least one of these jobs. Before being placed on administrative leave, I had identified several positions that I was going to submit my application for but did not receive the opportunity to do so.

15. I am five months short of the end of this assignment, and would have begun looking for an  onward assignment, had I not been placed on administrative leave.

16. I am three years short of my pension.

17. As woman over the age of forty, I am a member of two protected classes.

18. As a citizen, I support enforcing the civil rights laws of the United States.

3

Dated:  February 26, 2025

/s/ Jane Doe 5
———————————————————
Jane Doe 5
Officer
Central Intelligence Agency

4

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | :    Civil Action No.: |
| | :    25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : |
| | : |
| *Defendants*. | : |

**DECLARATION OF JANE DOE 6 IN SUPPORT OF MOTION
FOR A PRELIMINARY INJUNCTION**

I, Jane Doe 6, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for at least eight years.

2.  I hold the grade of GS-15, align with the Directorate of Support career service and have

received more than twenty exceptional performance and meritorious unit citations throughout

my career, including during my current assignment.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.    My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.    I am unaware of any allegation against me of misconduct or poor performance.

6.    On January 22, 2025 CIA notified me of my placement on administrative leave via a phone call, apparently only because of my temporary assignment to a personnel function perceived to involve  DEIA.  I was told the administrative leave was neither disciplinary nor performance based.  After that time, my access to buildings was blocked and my badge was taken.

7.    On February 14, 2025, I received a telephone call from a human resources officer reminding me of the deadline to submit my decision regarding the deferred resignation program. That same day many similarly situated colleagues on administrative leave received telephone calls from human resources officers ordering them to report to the visitors' center of a CIA facility within the Eastern District of Virginia with their Intelligence Community ("IC") access badge as early as February 18, 2025.  I was not advised to report to such a meeting as of the initial court hearing on this issue on February 18, but had reason to presume I would receive a similar call in the near future.

8.    In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.  I work inside a Special Compartmented Information facility on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. As of January 22, 2025 when I was placed on administrative leave, I already had been in the normal process of applying for an onward assignment.  My career service has several suitable and career service-appropriate positions available and I would be willing to accept any of these positions.

15. I am twelve years short of my full pension and two years short of being eligible for the voluntary early retirement program being offered at CIA.

16. As a female over the age of forty, I am a member of two protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ Jane Doe 6
Jane Doe 6
Officer
Central Intelligence Agency

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

_____
|                                                          :
JOHN DOES 1-6 and JANE DOES 1-13,     :
                                                          :
*Plaintiffs*,                                          :
                                                          :
v.                                                         :     Civil Action No.:
                                                          :     25-300 (AJT/LRV)
U.S. OFFICE OF THE DIRECTOR OF NATIONAL     :
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;     :
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL     :
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,     :
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;     :
                                                          :
*Defendants*.                                        :
_____

## DECLARATION OF JANE DOE 7 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 7, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for two years.

2.  I hold the grade of GS-11, work in the Office of Enterprise Support career service and

have received five awards.

3.  Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity, inclusion

and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4. My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5. I am unaware of any allegation against me of misconduct or poor performance.

6. On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7. On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia on February 18, 2025. I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8. In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9. I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information. I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace. Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board. In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability. These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified one currently vacant, suitable and career service-appropriate position identified for me, an Enterprise Support Specialist position in another department. I am willing to accept this job.

15. I am eighteen years short of my pension.

16. As a woman and member of the LGBTQIA+ community, I am a member of two protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

*/s/ Jane Doe 7*
Jane Doe 7
Officer
Central Intelligence Agency

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

---

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

---

## DECLARATION OF JANE DOE 8 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 8, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for over 7 years.

2. I hold the grade of GS-12, work in the digital innovation career service, and received numerous awards and commendations, including a prestigious CIA award for stewardship.

3. Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.   My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

8.   In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.   I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has identified at least 1 currently vacant, suitable and career service-appropriate technical position for me.  I had applied to this position and 2 other career service-appropriate technical positions prior to being placed on administrative leave.  I am willing to accept at least one of these jobs.

15. As an African-American female, I am a member of protected classes.

16. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

*Jane Doe 8*
_____
Jane Doe 8
Officer
Central Intelligence Agency

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | :    Civil Action No.: |
| | :    25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : |
| | : |
| *Defendants*. | : |

## DECLARATION OF JANE DOE 9 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 9, am an adult over the age of eighteen and understand the meaning of an oath.

I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a nonpartisan civil servant and have served as a Central Intelligence Agency

("CIA") intelligence officer for seven years.  Prior to my DEIA position, I was an information

technology engineer.

2.  Before January 20, 2025, CIA temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

3.  My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

4.  I am unaware of any allegation against me of misconduct or poor performance.

5.  On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

6.  On February 14, 2025 I received a telephone call from a human resources officer ordering me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting.

7.  In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

8.  I work inside a Special Compartmented Information facility on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

9.  Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

2

10. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

11. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

12. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

13. Since January 22, 2025 when I was placed on administrative leave, my career service has identified two currently vacant, suitable and career service-appropriate position identified for me. I am willing to accept at least one of these jobs.

14. As a woman, I am a member of a protected class.

15. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ Jane Doe 9
Jane Doe 9
Officer
Central Intelligence Agency

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**

---

|  |  |  |
|---|---|---|
| JOHN DOES 1-6 and JANE DOES 1-13, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 25-300 (AJT/LRV) |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY; | : | |
| THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL | : | |
| INTELLIGENCE; and THE HON. JOHN RATCLIFFE, | : | |
| DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY; | : | |
| | : | |
| *Defendants*. | : | |

---

**DECLARATION OF JANE DOE 10 IN SUPPORT OF MOTION**
**FOR A PRELIMINARY INJUNCTION**

I, Jane Doe 10, am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") Intelligence officer for eighteen years.

2. I hold the grade of GS-13 , work in the Office Enterprise Service career service, served overseas, and received more than 10 awards and commendations.

3. Before January 20, 2025, CIA assigned me to carry out a role that only tangentially included some specific congressionally funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.  My duties only tangentially included advancing the hiring, retention, and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.  I am unaware of any allegation against me of misconduct or poor performance.

6.  On January 22, 2025 CIA placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.  On February 14, 2025 I did not receive a telephone call from a human resources officer ordering  me report to the visitors' center of a CIA facility within the Eastern District Virginia with my Intelligence Community ("IC") access badge, as early February 18, 2025.

8.  In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.  I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service has reached out to me to advise that they are working to identify currently vacant, suitable and career service-appropriate positions for me.  I am willing to accept any such career service-appropriate position that is available.

15. I am two years short of my pension.

16. As an African-American woman over the age of forty, I am a member of three protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.


Dated: February 26, 2025

                                            */s/ Jane Doe 10*
                                            Jane Doe 10
                                            Officer
                                            Central Intelligence Agency

3

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

———————————————————————— :
:
JOHN DOES 1-6 and JANE DOES 1-13,                :
:
*Plaintiffs*,                                     :
:
v.                                               :       Civil Action No.:
:       25-300 (AJT/LRV)
U.S. OFFICE OF THE DIRECTOR OF NATIONAL           :
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;   :
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL      :
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,        :
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;      :
:
*Defendants*.                                    :
————————————————————————

## DECLARATION OF JANE DOE 11 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I, Jane Doe 11, am an adult over the age of eighteen and understand the meaning of an

oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a nonpartisan civil servant and have served as Office of the Director of National

Intelligence ("ODNI") intelligence officer for less than one year.

2. I hold the grade of GS-13 and am an ODNI officer.

3. Before January 20, 2025, ODNI temporarily assigned me to carry out specific,

congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a

need perceived by the 46th President of the United States of promoting diversity, equity,

inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.  My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.  I am unaware of any allegation against me of misconduct or poor performance.

6.  On January 22, 2025 ODNI placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.  On January 22, 2025 ODNI collected government property from me, including my Intelligence Community ("IC") access badge.

8.  On February 5, 2025 I received a telephone call from two human resources officers who stated, "it is unlikely you will return to ODNI."

9.  In my experience, when an ODNI officer is told to turn in their IC badge and subsequently told it is unlikely they will be returning to ODNI, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

10. I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without ODNI's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

11. Upon information and belief, ODNI officers have no recourse to the Merit System Protection Board.  In my experience, ODNI regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

2

12. Where there is no ODNI regulation or instruction applicable, ODNI applies CIA regulations. Accordingly, ODNI follows a CIA regulation regarding termination of employment.

13. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

14. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

15. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

16. Since January 22, 2025 when I was placed on administrative leave, there is a currently vacant, suitable and career service-appropriate position open to ODNI officers and joint duty personnel. If offered, I would be willing to accept this job.

17. As a woman, I am a member of a protected class.

18. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

*/s/ Jane Doe 11*
Jane Doe 11
Officer
Office of the Director of National Intelligence

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

———————————————————————
:
JOHN DOES 1-6 and JANE DOES 1-13,        :
:
*Plaintiffs*,                            :
:
v.                                       :        Civil Action No.:
:        25-300 (AJT/LRV)
U.S. OFFICE OF THE DIRECTOR OF NATIONAL   :
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;  :
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL  :
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,  :
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;  :
:
*Defendants*.                            :
———————————————————————

## DECLARATION OF JANE DOE 12 IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

I am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.   I am a nonpartisan civil servant and have as a Central Intelligence Agency ("CIA") intelligence officer for thirteen years. I converted from CIA to the Office of the Director of National Intelligence ("ODNI") in July of 2024.

2.   I am a member of the Senior National Intelligence Service ("SNIS"), served overseas, and received over fifteen awards and commendations.

3.   Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

1

4.   My duties included advancing the hiring, retention and advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On January 22, 2025 ODNI placed me on administrative leave, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   On January 22, 2025 ODNI instructed me to turn in my intelligence Community ("IC") access badge.

8.   On February 5, 2025 I received a telephone call from two human resource officers who stated, "it was unlikely I would be returning to ODNI."

9.   In my experience, when an ODNI officer is told to turn in their IC badge, and subsequently told they would not be returning to ODNI, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

10.  I work inside a Special Compartmented Information Facility on government computer and telephone systems specially designed to handle classified information.  I may not, without ODNI's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

11.  Upon information and belief, ODNI officers have no recourse to the Merit System Protection Board.  In my experience, ODNI regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

12. Where there is no ODNI regulation or instruction applicable, ODNI applies CIA regulations. Accordingly, ODNI follows a CIA regulation regarding termination of employment.

13. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth." Section IV at ¶ (a).

14. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service." *Id*. at ¶ (b). I do so wish.

15. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow. *Id*. at ¶ (c). I do so wish.

16. Prior to January 22, 2025 when I was placed on administrative leave, I interviewed for the position of Assistant Director of Economic Security and Emerging Technologies (OESET). Based on conversations with hiring managers, I understand that I was a highly competitive candidate and likely would have been selected for the position had I not been placed on administrative leave. I would have accepted the position.

17. I am seven years short of my pension.

18. As a Latina over the age of forty, I am a member of three protected classes.

19. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/ Jane Doe 12
Jane Doe 12
Officer
Office of the Director of National Intelligence

4

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA

_____

JOHN DOES 1-6 and JANE DOES 1-13,

    *Plaintiffs*,

v.

U.S. OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE; U.S. CENTRAL INTELLIGENCE AGENCY;
THE HON. TULSI GABBARD, DIRECTOR OF NATIONAL
INTELLIGENCE; and THE HON. JOHN RATCLIFFE,
DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY;

    *Defendants*.

_____

Civil Action No.:
25-300 (AJT/LRV)

### DECLARATION OF JANE DOE 13 IN SUPPORT OF MOTION
### FOR A PRELIMINARY INJUNCTION

    I, Jane Doe 13, am an adult over the age of eighteen and understand the meaning of an oath. I state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

    1. I am a nonpartisan civil servant and have served as a Central Intelligence Agency ("CIA") intelligence officer for fourteen years.

    2. I hold the grade of GS-14, work in the support office career service, have served overseas, and have received multiple awards and commendations.

    3. Before January 20, 2025, CIA temporarily assigned me to carry out specific, congressionally-funded and -mandated duties implementing federal civil rights laws, fulfilling a need perceived by the 46th President of the United States of supporting programs promoting diversity, equity, inclusion and accessibility ("DEIA") within the Intelligence Community ("IC").

    4. My duties included supporting those who worked on advancing the hiring, retention and

1

advancement of members of protected classes under civil rights laws applicable to the federal government as an employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990.

5.   I am unaware of any allegation against me of misconduct or poor performance.

6.   On the night of January 22, 2025 at 8:40pm CIA placed me on administrative leave via phone call, apparently only because of my temporary assignment to a personnel function apparently involving DEIA.

7.   On February 14, 2025 many of my colleagues received a telephone call from a human resources officer ordering them to report to the visitors' center of a CIA facility within the Eastern District Virginia with their Intelligence Community ("IC") access badge, as early February 18, 2025.  I understand that a similarly-situated colleague reportedly was told by her employer that she may not bring counsel to a similar meeting. I was not called or told to report for a meeting, but have reason to believe I may be next.

8.   In my experience, when a CIA officer is told to report to the visitors' center of an IC facility with their IC badge, it presages negative employment action against the officer, including but not limited to termination or being placed on involuntary leave without pay.

9.   I work inside a Special Compartmented Information Facilities on government computer and telephone systems specially designed to handle classified information.  I may not, without CIA's permission, bring a paper copy of my own personnel file out of my workspace.  Neither may I prepare a full appeal of my termination on unclassified computer systems.

10. Upon information and belief, CIA officers have no recourse to the Merit System

Protection Board.  In my experience, CIA regulations do however provide procedures for terminating officers for being excess to the service, for misconduct, for poor performance or for unsuitability.  These include officers' rights of notice, to be heard and to appeal.

11. Upon information and belief, CIA's Agency Regulation 14-6, *Termination of Employment*, provides at §§ II(B)(9) and (c)(4), *Termination of Excess Personnel* and § IV, *Procedure for Termination of Excess Personnel*, that in considering whether an officer is excess to the needs of a CIA career service, Agency officials "will take into consideration the current and anticipated requirements of the Career Service for employees with certain qualifications, skills, experience, training, and so forth."  Section IV at ¶ (a).

12. As I understand CIA regulations, an Agency officer determined to be excess will be advised of this in writing, and if they wish, their "Career Service will make an effort to arrange placement in another component within that Career Service."  *Id*. at ¶ (b).  I do so wish.

13. As I understand CIA regulations, if such efforts to arrange placement fail, and the officer wishes, "an Agency-wide placement effort" will follow.  *Id*. at ¶ (c).  I do so wish.

14. Since January 22, 2025 when I was placed on administrative leave, my career service identified a currently vacant, suitable and career service-appropriate position for me.  I am willing to accept this job.

15. I am six years short of my pension.

16. As an African-American woman over the age of forty, I am a member of at least three protected classes.

17. As a citizen, I personally support enforcing the civil rights laws of the United States.

Dated: February 26, 2025

/s/
_____
Jane Doe 13
Officer
Central Intelligence Agency

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2025, I electronically filed the foregoing Declarations with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

/s/ Kevin T. Carroll
Kevin T. Carroll, Esq.