IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN DOE 1, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>U.S. OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, et al.,<br><br>    *Defendants*. | Case No. 1:25-cv-300-AJT-LRV |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), respectfully submit this Joint Proposed Discovery Plan to the Court.[1]

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and respectfully propose that the Court adopt the schedule and provisions described below.

2. <u>Pre-Discovery Disclosures</u>.  The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) by **April 16, 2025.**

3. <u>Motion to Dismiss.</u>  Pursuant to Federal Rule of Civil Procedure 12(a)(2) and Local Rule 4(A), Defendants will file their motion to dismiss on or before **April 18, 2025.**

4. <u>Joinder of Parties</u>.  The parties do not anticipate the joinder of additional parties.

5. <u>Discovery</u>.

    A.  Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on **July 11, 2025**.

    B.  Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court. The objections shall be due fifteen (15) calendar days after service and the answers shall be due thirty (30) calendar days after service.

---

[1] Defendants are currently considering whether to move to vacate the scheduling order, which issued approximately 40 days before their initial response to Plaintiffs' Complaint is due.

      C.      Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties.

      D.      Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the other party to its receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

      E.      Protective Order: The parties will confer in good faith to agree on the terms of a draft protective order to propose to the Court. The protective order will include a mechanism for redacting classified information and protecting classified information that may be elicited at trial, as well as the protection of the names of CIA and ODNI employees in discovery and throughout the proceedings. The parties agree that the protective order will provide that only the first name and last initial of any individual agency personnel will be disclosed or used in this case.

6. <u>Expert Witnesses</u>.

      A.      Plaintiff shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **April 28, 2025**.

      B.      Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **May 28, 2025**.

      C.      Plaintiff shall disclose any rebuttal experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **June 27, 2025**.

7. <u>Electronically Stored Information ("ESI")</u>. The parties will produce discoverable electronically stored information ("ESI") in printed form on paper or in PDF format. Unless the parties agree otherwise, producing ESI in native format is unnecessary. To the extent that the printed or PDF document does not indicate information that may be important (such as the date, location, the sender and all recipients of electronically transmitted data (subject to the

limitations of the anticipated protective order)), the parties will, upon request related to particular documents, if technologically feasible and not revealing of privileged or classified information, determine that information from the electronic document and provide it to the requesting party. With respect to discovery of electronic documents, the Office of the Director of National Intelligence ("ODNI") and the Central Intelligence Agency (CIA) consider technical matters regarding the functioning and capabilities of certain records systems as privileged and, in some circumstances, such information may be classified. Accordingly, while ODNI and CIA may disclose some relevant information about its records systems, it will not disclose technical details that it considers sensitive.

8.  <u>Issues Regarding Privilege</u>.

    A.  <u>Privileged material – effect of disclosure</u>. Any disclosure of privileged, work product protected or other protected information as part of a production is not a waiver in the pending case or in any other federal, state, or administrative proceeding, mediation, or arbitration. This agreement of the parties and by Order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure, and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court. If such documents are identified, the receiving party will cease review of the inadvertent production, promptly return such documents to the disclosing party and destroy all copies of the material, and provide the disclosing party with timely written notice that such material has been destroyed. If a dispute arises concerning a claim of privilege for any material, the material shall not be used for any purpose until the dispute is resolved by the Court.

    B.  <u>Privileged communications between counsel, or between parties and their counsel</u>. The parties agree that they shall not seek discovery of documents created after the filing of the plaintiff's complaint (a) that are privileged because they are sent solely between litigation or agency litigation counsel for either party, or (b) that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

    C.  <u>Privilege Log</u>: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Federal Rule 26(b)(5) within ten (10) business days of the production of documents in response to a request for documents. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information (subject to a protective order); (c) the recipient(s) of the privileged information (subject to a protective order); (d) the subject matter of the privileged information; and (e) the basis

of the claim of privilege. Communications between trial counsel and their respective clients are not subject to discovery absent a specific need shown and order of the Court, and therefore no privilege log is required for such communications.

9. <u>Preservation and Retention of Documents</u>.  Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

10. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>. All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules.  In addition, the parties agree that they will serve by email or electronic file transfer all discovery requests and written responses and any other papers that are not filed unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

11. <u>Deposition Designations</u>.  Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii), the parties shall file deposition designations, if any, 14 days before the trial date, with any opposing party objections due seven days later

12. <u>Additional Issues</u>.

    A.   At this point, the parties do not consent to trial before a Magistrate Judge.

    B.   At this point, Plaintiffs do not anticipate the amendment of pleadings.

    C.   Counsel for the parties are open to discussing settlement of this matter.  If the parties reach a point where they believe that their discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at a time convenient for the Court.

    D.   Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Court not hold a Rule 16(b) Initial Pretrial Conference.

Dated: March 19, 2025                                    Respectfully submitted,

                                                                ERIK S. SIEBERT
                                                                UNITED STATES ATTORNEY

| /s/ | /s/ |
|---|---|
| KEVIN T. CARROLL, VSB No. 95292<br>Fluet<br>1751 Pinnacle Dr., Ste. 1000<br>Tysons, VA 22102<br>T: (703) 590-1234<br>Email:  kcarroll@fluet.law; e-file@fluet.law | DENNIS C. BARGHAAN, JR.<br>Chief, Civil Division<br>REBECCA S. LEVENSON<br>Assistant United States Attorneys<br>U.S. Attorney's Office for the Eastern District of Virginia<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>T: (703) 299-3891/3760<br>Email: dennis.barghaan@usdoj.gov<br>        rebecca.s.levenson@usdoj.gov |