IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE 1, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-300-AJT-LRV |
| U.S. OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## RULE 16(B) SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), Local Civil Rule 16(B), and the Court's March 4, 2025 Scheduling Order (Dkt. No. 28), and upon consideration of the representations made by the parties in the Joint Proposed Discovery Plan (the "Joint Discovery Plan") (Dkt. No. 29), the Court makes the following rulings:

1. The Joint Discovery Plan filed by the parties is approved, *as amended herein*, and shall control discovery to the extent of its application unless further modified by the Court.

2. Because the parties agree on the Joint Discovery Plan and the contents of the Joint Discovery Plan are satisfactory, the Court finds that the initial pretrial conference scheduled for March 26, 2025 is not necessary. The initial pretrial conference is cancelled.

3. All discovery shall be concluded by **July 11, 2025**.

4. The final pretrial conference shall be held before the District Judge on **July 17, 2025**.

5. Pursuant to Paragraph 2 of the Joint Discovery Plan, the parties will exchange Federal Rule of Civil Procedure 26(a)(1) disclosures on or before **April 16, 2025**.

1

6. Disclosures under Federal Rules of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed on the docket except on order of the Court, or for use in a motion or at trial.

7. No "general objection" may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection.

8. The parties are reminded that, pursuant to Local Civil Rule 26(C), objections to discovery requests are due by 15 days after service.

9. In Paragraph 5(E) of the Joint Discovery Plan, the parties agree to confer in good faith on the terms of a draft protective order to propose to the Court. The parties are encouraged to file a draft protective order promptly. The absence of a protective order is not a basis to fail to timely produce discovery in this matter. Any provision in the protective order concerning filing documents under seal must also comply with Local Civil Rule 5. In the event the parties are unable to reach an agreement on a protective order, they are directed to submit a joint proposed protective order that identifies any areas of dispute and *briefly* explains each side's position.

10. Pursuant to Paragraph 6 of the Joint Discovery Plan, the following deadlines shall control the timing of expert disclosures required under Federal Rule of Civil Procedure 26(a)(2): Plaintiffs shall disclose any experts who may be called to testify at trial and provide reports called for in Federal Rule of Civil Procedure 26(a)(2)(B) on or before **April 28, 2025**; Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Federal Rule of Civil Procedure 26(a)(2)(B) on or before **May 28, 2025**; and Plaintiffs shall disclose any rebuttal experts who may be called to testify at trial and provide reports called for in Federal Rule of Civil Procedure 26(a)(2)(B) on or before **June 27, 2025**. **To the extent the parties wish to modify these deadlines, they must seek leave of the Court.**

11. In Paragraph 8 of the Joint Discovery Plan, the parties agree to certain procedures and limitations regarding privileged material. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner in accordance with Federal Rule of Civil Procedure 26(b)(5). As set forth in Paragraph 8(C), unless otherwise agreed, the parties shall serve a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5) within ten (10) business days of the production of documents in response to a request for documents. If a document production is made with fewer than 10 business days remaining in the discovery period, the privilege log for that production must be served by the close of discovery.

12. In Paragraph 12(C) of the Joint Discovery Plan, the parties state that they are open to discussing settlement of this matter. If the parties believe that a settlement conference with the Court would be of assistance in resolving this dispute, they are directed to promptly contact the undersigned Magistrate Judge's chambers to schedule a settlement conference.

13. The following provisions shall apply to the filing and noticing of all motions:

(a) All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be delivered directly to the attention of the judge hearing the motion at the Clerk's Office within one day of the electronic filing. *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) Except for consent motions, all motions shall be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures

3

provided on the Alexandria page of the Court's website referenced above. **All discovery-related motions must be filed in time to be heard by the close of discovery.**

(c)   Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(d)   Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs.

(e)   In order to provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing. This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

4

(f) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(g) Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meets the requirements of Local Civil Rule 5. Only material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

14. In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* seven (7) days prior to trial in accordance with Local Civil Rule 51.

Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

**ENTERED** this 25th day of March, 2025.

Alexandria, Virginia

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

6